

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
~~XXXXXXXXXXXXXXX~~
ATTORNEY GENERAL

Honorable C. E. Alvis, Jr.　　　　　　　　April 15, 1939
County Attorney
Gatesville, Texas

Dear Sir:　　　　　　　　　　　　Opinion No. 0-624
　　　　　　　　　　　　　　　　Re: Validity of order of Hamilton
　　　　　　　　　　　　　　　　County Board of Trustees abolish-
　　　　　　　　　　　　　　　　ing Cottonwood Common School
　　　　　　　　　　　　　　　　District and annexing a part
　　　　　　　　　　　　　　　　thereof to Star School District
　　　　　　　　　　　　　　　　and part to Evant Independent
　　　　　　　　　　　　　　　　School District.

　　　　　We are in receipt of your letter of April 10, 1939, wherein
you advise that on December 7, 1938, the Hamilton County Board of School
Trustees for Hamilton County, Texas, passed an order abolishing the
Cottonwood School District Number 55, being a common school district of
Hamilton County, Texas, and annexing about six square miles of said district
with Star School District, Mills County, Texas, and the remainder being
annexed to the Evant Independent School District of Corvell County, Texas,
by said order. You further advised that no notice whatsoever was given by
the Hamilton County School Board of its intended action on December 7 and
that no hearing was had on the same. It is our further understanding from
your letter that on December 1, 1938, an election had been duly ordered and
notices duly posted to determine whether Cottonwood School District would
consolidate with Evant Independent School District. On December 22, 1938,
said election was duly held and resulted in favor of consolidation. While
you do not directly so say, we presume from your letter that the election
was ordered and held and resulted in favor of consolidation in both the
Cottonwood School District and the Evant Independent School District. We
gather from your letter that there is no question but that the election
was duly called and regularly held and that the results have been properly
declared.

　　　　　You request our opinion as to the status of what was the Cotton-
wood School District No. 55.

　　　　　We do not find it necessary to determine whether the failure
to give notice and to have a hearing upon the subject matter of the order
of December 7, 1938, would have rendered said order void without the help
of other circumstances.

In the case of State v. Baker, 40 S.W. (2) 41, by the Supreme Court, the facts were as follows:

On January 3, 1928, the County Judge of Hidalgo County had ordered an election to be held in Common School District Number 16 to determine whether the same should be incorporated as an Independent School District and designated as Ed Couch Independent School District. After said election had been ordered and due notice given and two days before such election was to have been held, the County Board of Trustees ordered a re-districting of said common school district by which certain portions of the same were cut off into adjacent common school districts Numbers 2 and 18. The election was held on the date ordered and resulted in favor of incorporation. The results of the election were duly declared. An action of quo warranto was brought by the State to test the validity of the Ed Couch Independent School District. It will be noticed that this was a direct attack upon the independent school district created by the election which was held subsequent to the time the Board of Trustees had attempted to divide up the district and annex its various parts to adjacent school districts. The trial court declared the independent school district invalid. The Court of Civil Appeals, in 26 S.W. (2) 324, reversed and rendered the judgment of the trial court. The Supreme Court sustained the action of the Court of Civil Appeals holding that the election was valid and that the order of the Board of Trustees, made two days before the election, was without effect. We quote from the opinion of Judge Critz of the Supreme Court as follows:

"It is our opinion that, even if it be conceded that the orders of the county board with reference to the territory of district No. 16 would have been in all respects legal in the absence of the pending election, still the right of the people to vote on incorporation, having been first lawfully invoked, would not be interfered with or defeated by the county board pending the holding of the election, and the declaration of its result. This is certainly the correct rule, even if it be conceded that the power of the county board and the right of the people were co-ordinate or equal."

In the case which you present, the right of the people in the Cottonwood District and the Evant Independent School District to vote upon the consolidation of said districts had already been invoked at the time the County Board convened and entered its order on December 7, 1938. State v. Baker, supra, will control. Assuming that the consolidation election was regular throughout there has been a consolidation and the order of December 7, 1938, was without force or effect.

APPROVED:                          Yours truly
/s/ Gerald C. Mann                 ATTORNEY GENERAL OF TEXAS
ATTORNEY GENERAL OF TEXAS          By /s/ Glenn R. Lewis
                                        Glenn R. Lewis
GRL: FL:ds                              Assistant